Thomas J. Giblin, Esq. (TG2581)
GIBLIN & LYNCH
10 Garber Square, Suite 2
Ridgewood, New Jersey 07450
(201) 670-3510
Attorneys for Defendant Local 1814

------------------------------------------------------------x

| | |
|---|---|
| HERBERT GREGORY, FRANK LAFOND, OSSIE JOHNSON, WELDON JOHNSON, THOMAS CULLEN, RANDOLPH JENKINS, EDDIE BELVIN, ALVARO CRUZ, MARCELLO MALDONADO, SHIRLEY VINES, ALBERT RICH, ANTONIO BATISTA, FERNANDO AQUILES, JORGE DOMINGUEZ, AMERICO BAIAO, MARTIN HAYLE, YOLANDA WILLIAMS, EARL DAWKINS, JR., et als., | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br>04-432 (FSH)<br><br>**STIPULATION AND ORDER OF SETTLEMENT** |

Plaintiffs,

v.

INLAND PAPERBOARD & PACKAGING, INC. and
INTERNATIONAL LONGSHOREMENS' ASSOCIATION,
AFL-CIO, LOCAL 1814,

Defendants.

------------------------------------------------------------x

**WHEREAS**, Plaintiffs and Defendant International Longshoreman's Association, AFL-CIO, Local 1814 (Union) agree that Plaintiffs are entitled to no less or no more severance pay than the Arbitrator awarded them in the final and binding March 22, 2003 Opinion and Award In the Matter of the Arbitration between Local 1814, International Longshoreman's Association, AFL-CIO and S&G Packaging, a division of Inland Paperboard and Packaging, Inc., FMSC Case No. 02-0822-11917; and

**WHEREAS**, the Arbitrator's opinion and award states that "this Arbitrator shall retain jurisdiction regarding questions of remedy and until the severance payments have been made in full to all former employees of S&G"; and

**WHEREAS**, in recognition of the foregoing, and in the interests of an expeditious, complete resolution of any and all differences between them in a fair and cost effective manner which eliminates the necessity for further litigation in this Court;

**NOW, THEREFORE**, Plaintiffs and the Union voluntarily and freely stipulate and agree to the following:

1. The Union shall upon execution and filing of this Stipulation and Agreement forward the Arbitrator in Case No. 02-0822-11917 a written application to invoke his retained jurisdiction regarding questions of remedy with respect to the amounts of the severance payments made by Inland to the eighty-three (83) Plaintiffs hired by Duro Standard Products, Inc. (Duro Bag) at the time of the May, 2002 transaction between Inland and Duro Bag.

2. The Union shall in the written application referred to in the preceding paragraph certify to the Arbitrator that the first sentence of paragraph 2 of his March 22, 2003 award should be clarified with respect to whether or not the Seven Hundred Fifty Dollars ($750.00) per week severance pay awarded each of the Plaintiffs was subject to an offset for unemployment compensation. Plaintiffs' Counsel will represent Plaintiffs' interests in further proceedings before the Arbitrator and will be designated Union Co-Counsel if appropriate. The Union will cooperate with Plaintiffs by making witnesses available to the Plaintiffs for subsequent proceedings.

3. The Union and Plaintiffs shall file this Stipulation and Agreement with the Court in the form of a Stipulation and Order of Settlement jointly requesting that the Court forthwith remand the case to the Arbitrator and dismiss Plaintiffs' claims against the Union as settled. Plaintiffs will also stipulate that upon remand of the case to the Arbitrator, the Court will enter a voluntary dismissal without prejudice of Plaintiffs' claims against Inland.

4. Plaintiffs agree to release the Union from any and all liability or damages arising out of or relating to its prior actions with respect to the arbitration proceeding and all known claims related to this litigation.

5. This Stipulation and Agreement resolves Plaintiffs' damage claims against the Union, which Plaintiffs acknowledge were limited to attorneys' fees. Plaintiffs agree they will not seek to recover from Inland for attorneys' fees properly chargeable and attributable to the Union. Plaintiffs and the Union shall each pay their own costs, expenses and attorneys' fees incurred in connection with this litigation, all known claims, and the arbitration proceeding.

6. This Stipulation and Agreement and the actions taken pursuant thereto shall not constitute an admission by either Plaintiffs or the Union nor shall the Agreement or actions taken pursuant to this Agreement be admissible for any purpose in this or any subsequent proceedings against the Union.

7. This Stipulation and Agreement shall become effective upon execution and filing by the Court. *Inland is dismissed without prejudice.*

8. *The scope of the clarification demand will be decided by the arbitrator; nothing herein shall affect any rights or claims of [parties] who have already [been] said pursuant to the award, other than the plaintiffs herein. The decision of the arbitrator shall be final and binding as provided by law.*

_____          _____
Robert Hermann, Esq.                  Thomas J. Giblin, Esq.
Hermann & Bateman                     GIBLIN & LYNCH
Attorneys for Plaintiffs              Attorneys for Local 1814

*Attorney for Inland*

So Ordered:

_____ U.S.D.J.
May 18, 2005

CASE IS CLOSED

3